# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICKEY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-1080-HE |
| | ) | |
| JOHN McREYNOLDS, Executive | ) | |
| Director, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Rickey White filed this action under 42 U.S.C. § 1983 in state court against John McReynolds, Danny Stewart and Rick Shaughnessy, who indicate they are current and former officials of the Oklahoma Department of Veterans Affairs, Bruce Gipe, an employee of the Board of Veterans' Appeals, along with the Oklahoma Department of Veterans Affairs ("ODVA") and the Board of Veterans Appeals. Plaintiff alleges defendants denied him due process in conjunction with his appeal of the denial of his claim for federal veterans' benefits. Defendants McReynolds, Stewart, Shaughnessy and the ODVA removed the action. The record does not reflect that the other defendants have been properly served. Plaintiff contends defendant Gipe has been served, but no return of service has been filed.[1]

Plaintiff has filed multiple motions. In two motions he objects to the court's prior denial of his request to enter default against defendants McReynolds, Stewart, and

---

[1]*There was a return of service filed for defendant Board of Veterans Appeals. Doc. #1-13. Defendant Bruce Gipe's name appears at the conclusion of the address on the return. He was not, though, the addressee, so service was not effective as to him. Contrary to plaintiff's assertion, the fact that a summons has issued does not necessarily mean that a defendant has been properly served.*

Shaughnessy. However, they are not in default as they properly filed a motion to dismiss instead of an answer. In another motion, plaintiff again asks the court to dismiss the action without prejudice because he is taking strong medication and "is unable to think well enough to work on this lawsuit." Doc. #14, p. 1. He also requests that counsel be appointed to represent him because of his mental disorder [Doc. #18] and the legal complexities of the case. Defendants McReynolds, Stewart, and Shaughnessy have filed a motion to dismiss.

Background

According to plaintiff's petition, he sought disability benefits from the Department of Veterans Affairs ("VA"). Doc. #1-1. The VA's regional office in Muskogee, Oklahoma determined in July 2010 that plaintiff was ineligible for benefits because of the character of his discharge from military service. *Id.* Plaintiff appealed that decision to the Board of Veterans' Appeals ("Board") based on his disagreement with the VA's characterization of his discharge. *Id*. On February 11, 2013, the Board remanded the matter to the regional office, directing it to "[i]ssue a statement of the case addressing the issue of whether the character of [plaintiff's] discharge from military service constitutes a bar to VA benefits." *Id.* Plaintiff then filed this lawsuit, alleging due process violations based on the asserted failure of the VA regional office to follow the remand instructions.

Defendants McReynolds, Shaughnessy and Stewart essentially contend plaintiff's §1983 claims against them should be dismissed because he sued them by mistake.[2] They

---

[2]*Instead of responding to defendants' motion, plaintiff again erroneously contends that defendants McReynolds, Shaughnessy and Stewart are in default for not answering the complaint.*

assert that they are current and former officials of the Oklahoma Department of Veterans Affairs, not the United States Department of Veterans Affairs, which denied plaintiff benefits. They argue that they did not personally participate in the alleged constitutional violations and therefore cannot be held liable under § 1983.

Contrary to defendants' assertion, the court cannot make a determination of whether they are state or federal employees without considering matters outside the pleadings. Rather than converting their motion to one for summary judgment, *see* Fed.R.Civ.P. 12(d), the court concludes it should instead grant plaintiff's second[3] and third motions to dismiss the action. The court determines dismissal is appropriate under the unusual circumstances present here: (1) where plaintiff has not properly served the federal defendants, whose action or inaction he is challenging in this lawsuit, *see* Fed.R.Civ.P. 4(i); (2) where it appears defendants McReynolds, Shaughnessy and Stewart work or worked for the Oklahoma, rather than the United States, Department of Veterans Affairs,[4] and (3) the case has not progressed past the initial pleading stages.

---

*See Doc. #16.*

[3]*In his second motion to dismiss, plaintiff refers to the court's ruling on his motion to proceed in forma pauperis. Neither this court nor the state court ruled on plaintiff's application. The state court directed plaintiff to supplement his application.*

[4]*Defendants McReynolds, Shaughnessy and Stewart are correct that personal participation is required for a state actor to be held liable under §1983. See <u>Dodds v. Richardson</u>, 614 F.3d 1185 (10th Cir. 2010) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation). They cannot have participated in the alleged wrong if they are associated with the Oklahoma Department of Veterans Affairs and it does not provide the benefits plaintiff is seeking.*

3

Accordingly, plaintiff's motions to dismiss [Doc. Nos. 13,14] are **GRANTED**. That **MOOTS** defendants' motion to dismiss [Doc. #4] and plaintiff's motion requesting appointed counsel [Doc. 18]. If plaintiff refiles this lawsuit in federal court, he should do so in the United States District Court for the Eastern District of Oklahoma, which is the judicial district in which the VA regional office which allegedly committed the due process violation is located. That would be a more appropriate venue for the lawsuit.

Plaintiff's motion for the entry of default [Doc. #8] is **DENIED**. This action is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE